UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANDRE LYNELL WALLACE,           )
                                )
       Petitioner               )
                                )
v.                              )
                                )   Case No. 2:11-cv-02907-WMA-HGD
BILLY MITCHEM, Warden, and      )
THE ATTORNEY GENERAL OF         )
THE STATE OF ALABAMA,           )
                                )
       Respondents              )

## **MEMORANDUM OPINION**

On August 26, 2011, the magistrate judge's report and recommendation was entered and the parties were allowed therein fourteen (14) days in which to file objections to the recommendations made by the magistrate judge. On September 6, 2011, petitioner filed objections to the magistrate judge's report and recommendation.

In his objections, petitioner argues for the first time that he is entitled to equitable tolling of the habeas corpus statute of limitations because he is actually innocent of the charges to which he pled guilty. He contends that he pled guilty to first degree robbery of Ford Finance Company but his federal presentence report noted first degree robbery of Paul Ford and first degree robbery of Brenda Ford, about which petitioner clams to know nothing, thereby making him actually innocent.

Petitioner also relies on his Alabama Department of Corrections Classification Summary, a copy of which is attached to his objections. The summary states in part, in the section for "Justification and Comments," that the first degree robbery offense at issue "involved a Ford Finance company that was robbed at gunpoint with Wallace then taking a customer's car and fleeing."

In this Circuit that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Secretary for the Dep't of Corrections*, 259 F.3d 1310, 1312 (11th Cir. 2001). Although "[e]quitable tolling is an extraordinary remedy which is typically applied sparingly," *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457-58, 112 L.Ed.2d 435 (1990)), it is "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added). The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner. *See, e.g., Helton*, 259 F.3d at 1313-14 (denying equitable tolling in light of petitioner's failure to present necessary evidence); *see also Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) ("The burden is on the plaintiff to show that equitable tolling is warranted.").

With respect to equitable tolling based on a claim of actual innocence, the Eleventh Circuit has stated:

> Neither the Supreme Court nor this Court has ever held that the Constitution requires an actual innocence exception to the AEDPA's one-year limitations period. *See Johnson v. Florida Dep't of Corr.*, 513 F.3d 1328, 1333 (11th Cir. 2008) ("To date, this Court has avoided this constitutional issue because no time-barred petitioner has made the requisite actual-innocence showing."). Before reaching this question, the petitioner must first make a sufficient showing of actual innocence. *Id.* This requires the petitioner to produce "'new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.'" *Arthur*, 452 F.3d at 1245 (quoting *Schlup*, 513 U.S. at 324, 115 S.Ct. at 865). If the petitioner shows "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence," then he has made a "gateway" claim of innocence allowing his otherwise barred constitutional claims to be considered on the merits. *Schlup*, 513 U.S. at 315, 327, 115 S.Ct. at 861, 867.
>
> In evaluating this new evidence, a habeas court "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *House*, 547 U.S. at 537, 126 S.Ct. at 2077 (quotation marks and citation omitted). The court then assesses the likely impact of this new evidence on reasonable jurors. *Id.* at 538, 126 S.Ct. at 2077. The demanding nature of the *Schlup* standard ensures that only the "extraordinary" case will merit review of the procedurally barred claims. *Id.*

*Melson v. Allen*, 548 F.3d 993, 1002 (11th Cir. 2008), *vacated on other grounds*, *Melson v. Allen*, ___ U.S. ___, 130 S.Ct. 3491, 177 L.Ed.2d 1081 (2010).

"To successfully plead actual innocence, a petitioner must show that his conviction resulted from 'a constitutional violation.'" *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1334 (11th Cir. 2008) (quoting *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed.2d 808 (1995)). The actual innocence claim in *Schlup* is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup*, 513 U.S. at 315, 115 S.Ct. at 861 (quotation marks omitted).

To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324, 115 S.Ct. at 865. The petitioner "must demonstrate that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt," and "must raise sufficient doubt about his guilt to undermine confidence in the result of the trial." *Johnson*, 513 F.3d at 1334 (quotation marks and alteration omitted). The Eleventh Circuit has recognized that "actual innocence" means "factual innocence, not mere legal insufficiency." *Id.* (quotation marks and alteration omitted).

In this case, petitioner has not presented new reliable evidence that would demonstrate that it is more likely than not that no reasonable juror would have found

petitioner guilty beyond a reasonable doubt of first degree robbery. Just because petitioner now claims not to have known the names of the person or persons he robbed at the Ford Finance Company does not equate to actual innocence of the crime of first degree robbery.

After careful consideration of the record in this case, the magistrate judge's report and recommendation and the petitioner's objections thereto, the court hereby ADOPTS the report of the magistrate judge. The court further ACCEPTS the recommendations of the magistrate judge that the petition for writ of habeas corpus be denied.

A separate Final Judgment in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this the 13th day of September, 2011.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE